NO. 4-02-1027

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,  )   Appeal from

Plaintiff-Appellee,  )   Circuit Court of

v.  )   Champaign County

RIGOBERTO G. ECHAVARRIA,  )   No. 02CF1192

Defendant-Appellant.  )

  )   Honorable

  )   Thomas J. Difanis,

  )   Judge Presiding.

_________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

Following a jury trial in the Champaign County circuit court, defendant, Rigoberto G. Echavarria, was convicted of possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2002)) and sentenced to 12 years' imprisonment.  Defendant appeals his conviction and sentence, contending (1) the evidence was insufficient to establish the chain of custody to allow the cocaine into evidence; (2) his guilt of intent to deliver was not proved beyond a reasonable doubt; and (3) the trial court abused its discretion in sentencing him to 12 years in prison.  We affirm.

I. BACKGROUND

After defendant was arrested for the offense in question, he posted bond and did not appear again until arrested on a warrant after trial.  His jury trial proceeded in his absence in September 2002.  Chief among the witnesses against defendant at trial was Douglas Beals.  Beals testified in May 2002 his home was the subject of a police search warrant.  During the search, law-enforcement officials found a quantity of cocaine and cannabis.  Beals admitted the drugs belonged to him and he offered to help law-enforcement officers with future drug investigations to help his situation.  The officers did not make any promises to Beals but said they would inform the prosecutor of his cooperation.  At the time of his testimony, Beals had not been charged with a criminal offense for the controlled substances found in his home.

As part of his offer to cooperate with law enforcement, Beals arranged for defendant to deliver drugs to him on July 3, 2002.  He identified defendant from his driver's license photograph at trial as the man he arranged to have deliver drugs to him.

Beals stated on July 3, 2002, he called defendant's cellular telephone and made arrangements to have defendant meet him at the Aldi's store on Mattis Avenue in Champaign.  Beals then contacted Dale Rawdin, a detective with the Champaign police department currently assigned as an inspector with the Illinois State Police to Task Force X, a multijurisdictional group of law- enforcement officers assigned to narcotics investigations.  Beals indicated defendant agreed to deliver cocaine to him and described defendant as a young, slight-built Hispanic male who would be at the Aldi's parking lot at approximately 7 p.m. driving a gray pickup truck.  

Inspector Rawdin testified for the State and corroborated Beals's testimony.  Surveillance of the Aldi's parking lot was established and Inspector Rawdin testified a gray pickup truck with a young Hispanic male driver entered the lot shortly before 7 p.m.  The driver exited the vehicle and began looking around the parking lot.  Two Champaign police sergeants apprehended the man.  Inspector Rawdin approached defendant immediately after he was apprehended.  He heard Sergeant Jon Swenson tell defendant he wanted to talk to him about the cocaine in his pocket.  He then heard the suspect tell Sergeant Swenson he bought the cocaine from a black male on a street corner for $500.  Inspector Rawdin identified a driver's license photograph of defendant as the same individual he saw driving the pickup truck and taken into custody. 

Inspector Rawdin stated at the time he was taken into custody defendant was in possession of what the lab later determined to be approximately 23 grams of cocaine.  Rawdin stated it had a street value of approximately $2,300.  He understood from his conversations with Beals one ounce of cocaine was to be delivered and an ounce consisted of 28 grams.  Inspector Rawdin stated in his experience as a narcotics investigator, cocaine is sold at the street level in grams or half gram Baggies.  Following the execution of a consent search of defendant's residence, no Baggies, no large amounts of cash, and no scale were found.  Inspector Rawdin stated the presence of a scale and Baggies would indicate an individual was distributing cocaine.

Champaign police sergeant John Schweighart testified on July 3, 2002, he was part of the surveillance team at the parking lot.  He and Sergeant Jon Swenson approached a young Hispanic male.  Sergeant Schweighart identified the driver's license photograph of defendant as the individual he approached in the Aldi's parking lot.  Sergeant Schweighart held defendant's arm while Sergeant Swenson searched defendant and removed a quantity of contraband from defendant's pants pocket.  Sergeant Schweighart testified State's exhibit No. 1 appeared to be the item Sergeant Swenson removed from defendant's pocket and it was in substantially the same condition as it was when he saw Sergeant Swenson remove it.

Sergeant Swenson did not testify.  David Shaffer testified he was a Champaign police officer and participated in the search of defendant's home on July 3, 2002.  During the search, Officer Shaffer located a driver's license and resident alien card in defendant's name in a bedroom.  Officer Shaffer identified the individual apprehended in the Aldi's parking lot as the same individual depicted on the driver's license photograph.

The parties then stipulated, if called as a witness, John Martin would testify he was a forensic scientist with the Illinois State Police and he received State's exhibit No. 1, a sealed evidence bag, from Willie Gartrell of Task Force X on July 8, 2002.  Martin would further testify he analyzed the contents of exhibit No. 1 and found it to be 22.6 grams of a chunky, white powder containing cocaine.  Martin would also testify he resealed the contents of exhibit No. 1 and returned it to Gartrell on September 10, 2002.  The State rested.  Without objection, exhibit Nos. 1 and 2 were admitted into evidence.  The court then inquired about a stipulation regarding the testimony of Gartrell and the prosecutor responded, "I included it in the stipulation for the lab."  There had been an earlier mistrial in this case.  The State apparently chose to try the case again without the testimony of Sergeant Swenson or Willie Gartrell. 

Defendant did not put on any evidence and moved for a directed verdict, which was denied.  The jury found defendant guilty of possession of a controlled substance with intent to deliver.

Defendant filed a posttrial motion alleging generally the evidence was insufficient as a matter of law to prove him guilty beyond a reasonable doubt.  The posttrial motion was denied and defendant was sentenced 
in
 
absentia
.

A motion to reconsider sentence was heard and denied.  Defendant was apprehended and returned to Illinois where he was admonished of his appeal rights in open court and a timely appeal was filed.

On appeal, we reversed defendant's conviction, holding the evidence presented at defendant's trial was insufficient to sustain a guilty finding because the State failed to establish a sufficient chain of custody for the controlled substance.  
People v. Echavarria
,  No. 4-02-1027 (December 22, 2004) (unpublished order under Supreme Court Rule 23).  Pursuant to supreme court supervisory order (
People v. Echavarria
, 215 Ill. 2d 604, 828 N.E.2d 283 (2005) (nonprecedential supervisory order on denial of petition for leave to appeal)), we were ordered to vacate our Rule 23 decision and reconsider this case in light of 
People v. Woods
, 214 Ill. 2d 455, 828 N.E.2d 247 (2005).  We now affirm the trial court's judgment.   

II. ANALYSIS

A. Sufficiency of the Chain of Custody

Defendant asserts the evidence was insufficient to establish the chain of custody to allow the cocaine into evidence.  The State contends the issue of the sufficiency of the evidence to form an adequate chain of custody for exhibit No. 1, the bag purportedly containing cocaine, has been forfeited by defendant for failure to object to the admission of the exhibit into evidence and the failure to raise it in his posttrial motion. 

To sustain a conviction for possession of a controlled substance with intent to deliver, the State must prove (1) the defendant had knowledge of the presence of the controlled substance, (2) the controlled substance was in the immediate control or possession of the defendant, and (3) the defendant intended to deliver the controlled substance.  See 
People v. Robinson
, 167 Ill. 2d 397, 407, 657 N.E.2d 1020, 1026 (1995).  "The State must prove the material recovered from the defendant and which forms the basis of the charge is, in fact, a controlled substance."  
Woods
, 214 Ill. 2d at 466, 828 N.E.2d at 254.

To establish a sufficient chain of custody, the State must prove delivery, presence, and safekeeping of the evidence.  
People v. Gibson
, 287 Ill. App. 3d 878, 882, 679 N.E.2d 419, 422  (1997).  In determining the adequacy of the chain of custody of an item sought to be introduced into evidence, the characteristics of the item are an important consideration.  If an item possesses unique and readily identifiable characteristics and is relatively impervious to change, testimony the item sought to be admitted is the same one recovered and in substantially the same condition as when recovered provides an adequate foundation for admission into evidence.  
People v. Cowans
, 336 Ill. App. 3d 173, 176, 782 N.E.2d 779, 782 (2002).  

If the item is not readily identifiable or is susceptible to alteration by tampering or contamination, its "chain of custody must be established by the State with sufficient completeness to render it improbable that the original item has either been exchanged, contaminated, or subjected to tampering."  
Cowans
, 336 Ill. App. 3d at 176, 782 N.E.2d at 782-83.  A quantity of cocaine is not readily identifiable and is easily subject to tampering, contamination, or alteration.  There is also the possibility of a mistake or mislabeling.  See 
Cowans
, 336 Ill. App. 3d at 176, 782 N.E.2d at 783; 
People v. Irpino
, 122 Ill. App. 3d 767, 773, 461 N.E.2d 999, 1004 (1984).  In this case, the State was required to establish a chain of custody sufficiently complete to demonstrate the quantity of cocaine sought to be introduced and analyzed by the State crime lab was the same quantity of cocaine recovered from defendant by Sergeant Swenson.

In our Rule 23 order, we found the issue of the sufficiency of the chain of custody evidence was not forfeited, and we noted the serious concerns we had concerning the chain-of-custody evidence presented by the State and found it lacking.  However, after reviewing the supreme court's opinion in 
Woods
, we find it applicable.  We conclude the issue of the sufficiency of the chain-of-custody evidence has been forfeited and the actual evidence presented in this case to have met the bare minimum standard for sufficiency enunciated in 
Woods
.  

In 
Woods
, the defendant was apprehended after having been seen apparently selling contraband to passing motorists.  While under surveillance, Woods took paper currency from stopped motorists and removed an object from the area of the front tire of a parked vehicle, handing the object to the motorist.  
Woods
, 214 Ill. 2d at 459-60, 828 N.E.2d at 250-51.  One of the arresting officers testified the items recovered from under the vehicle consisted of "three zip-lock packets each containing a tin foil packet containing what [he] believed to be heroin."  These items were inventoried under inventory No. 2550419 and "'standard Chicago Police Department procedures'" were followed with regard to inventorying them.  
Woods
, 214 Ill. 2d at 472, 828 N.E.2d at 258.

The State presented no further evidence other than a stipulation that if the forensic chemist testified, she would state she received inventory No. 2550419 in a sealed condition and found three packets.  She performed tests for ascertaining the presence of a controlled substance on one packet and found it to contain .1 gram of heroin.  She estimated the weight of the remaining two packets to be .2 grams.  Defense counsel stipulated to this testimony.  
Woods
, 214 Ill. 2d at 461, 828 N.E.2d at 251-52.

The court in 
Woods
 noted the State bears the burden of showing a chain of custody sufficiently complete to make it improbable the evidence has been subject to tampering or substitution by showing the police took reasonable protective measures to ensure the substance recovered was the same as the substance tested. 
 Unless a defendant produces evidence of actual tampering, substitution, or contamination, a sufficiently complete chain of custody does not require every person in the chain to testify.  
Woods
, 214 Ill. 2d at 467, 828 N.E.2d at 255.  Deficiencies in a chain of custody go to the weight and not the admissibility of evidence.  Even where a link is missing in a chain of custody, the evidence is properly admitted where testimony sufficiently described the condition of the evidence when delivered which matched the description of the evidence when examined.  
Woods
, 214 Ill. 2d at 467-68, 828 N.E.2d at 255.

The State establishes a 
prima
 
facie
 showing a chain of custody is sufficient by establishing reasonable protective measures were taken to ensure the evidence was not tampered with, substituted, or altered before testing.  The burden then shifts to the defendant to show there was tampering, alteration, or substitution.  
Woods
, 214 Ill. 2d at 468, 828 N.E.2d at 255. 

When a defendant challenges the sufficiency of evidence, the relevant inquiry is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt.  
Woods
, 214 Ill. 2d at 470, 828 N.E.2d at 257.  The 
Woods
 court rejected the notion a challenge to the State's chain of custody is a question of the sufficiency of the evidence.  
Woods
, 214 Ill. 2d at 471, 828 N.E.2d at 257.  

Because a chain of custody is used to lay a proper foundation for admission of evidence, a defendant's assertion the State presented a deficient chain is a claim the State failed to lay an adequate foundation.  A challenge to a chain of custody is an evidentiary issue generally subject to forfeiture if not preserved by making a specific objection at trial and including a specific claim in a posttrial motion.  
Woods
, 214 Ill. 2d at 471, 828 N.E.2d at 257.  The court found the ordinary forfeiture rule appropriate in a case where a defendant argues the State failed to lay a proper technical foundation for admission of evidence because the defendant's lack of a timely and specific objection deprives the State of the opportunity to correct any deficiency at the trial level.  
Woods
, 214 Ill. 2d at 470, 828 N.E.2d at 256-57.  The court in 
Woods
 found the defendant forfeited his chain-of-custody challenge because he did not make any objection to admission of the evidence at trial, nor did he raise it in his posttrial motion.  
Woods
, 214 Ill. 2d at 469-70, 828 N.E.2d at 256.

The 
Woods
 court went on to discuss the fact the defendant entered into a stipulation as to the testimony of the chemist, a part of the chain of custody.  The court noted the  primary rule in the construction of stipulations is the court must ascertain and give effect to the intent of the parties.  
Woods
, 214 Ill. 2d at 468-69, 828 N.E.2d at 256.  The court found from the record, the intent of the parties in making the stipulation was to remove any dispute with respect to the chain of custody as well as the chemical composition of the substance.  The court found it unlikely the State would have agreed to stipulate to the chemist's testimony and forfeit the opportunity to have her describe in detail the packets received from the police, how they were received, the condition they were in, and the tests performed, if the stipulation had not been intended to eliminate the need to defend against a challenge to the chain of custody.  Likewise, the court found it was reasonable for defense counsel to forgo the opportunity to cross-examine the expert in order to focus on other theories of defense.  In fact, defense counsel concentrated on the issue of whether the State proved Woods possessed the substance at issue.  
Woods
, 214 Ill. 2d at 474, 828 N.E.2d at 259. 

By stipulating to the chemist's report, defense counsel placed the State in the position of believing the sufficiency of the chain of custody was not at issue.  If defense counsel had explicitly stated he was stipulating to the chemist's report but not the chain of custody, the State would have been afforded the opportunity to remedy the matter in the trial court.  Where no challenge was raised as to the identity of the substance as heroin or with respect to the chain of custody, it was reasonable to conclude the parties intended to remove those issues from the case and, therefore, there was no dispute as to the admissibility of the narcotics evidence.  The court held Woods affirmatively waived review of the chain of custody where he agreed to what he sought to challenge on appeal.  
Woods
, 214 Ill. 2d at 475, 828 N.E.2d at 259.  

Finally, the 
Woods
 court found the State established a 
prima
 
facie
 showing the chain of custody was sufficiently complete by showing reasonable protective measures were employed to protect the evidence and it was unlikely it was tampered with.  The court found the evidence was sufficient where the police officer's testimony, coupled with the stipulation, sufficiently described the condition of the evidence when seized and it  matched the description of the evidence when examined.  
Woods
, 214 Ill. 2d at 472-73, 828 N.E.2d at 258. 

The facts in this case are similar to those in 
Woods
.  Defendant did not object to the evidence of the chain of custody presented by the State nor include the issue in his posttrial motion.  Thus, he has forfeited it on appeal.  A challenge to a chain of custody raised for the first time on appeal may be properly considered only if the alleged error rises to the level of plain error.  The plain-error doctrine allows a reviewing court to address defects affecting substantial rights if the evidence is closely balanced or if fundamental fairness requires.  
People v. Donoho
, 204 Ill. 2d 159, 187, 788 N.E.2d 707, 724 (2003).  The plain-error doctrine is not applicable here.  Given that the jury was entitled to believe the State's evidence, and defendant admitted possessing contraband, the evidence was not closely balanced.  The case involves no issue of fundamental fairness because defendant's objection would have permitted the State to resolve the issue at trial.

The State established a 
prima
 
facie
 showing the chain of custody was sufficiently complete.  Sergeant Schweighart testified he saw Sergeant Swenson remove a package of suspected cocaine from defendant's pants pocket on July 3, 2002.  Inspector Rawdin, a member of Task Force X, testified defendant possessed what the lab later determined to be approximately 23 grams of cocaine when taken into custody.  Sergeant Schweighart indicated State's exhibit No. 1 appeared to be the same item removed from defendant's pocket and it was in the same condition as it was when Sergeant Swenson removed it.  The parties stipulated that Martin, a forensic scientist with the Illinois State Police, would testify he received State's exhibit No. 1, a sealed evidence bag, from Willie Gartrell of Task Force X.  Further, Martin would testify the analysis of the contents revealed 22.6 grams of a chunky, white powder containing cocaine.  Martin then resealed the contents and returned it to Gartrell.  This testimony sufficiently established a reasonable probability the cocaine was not tampered with or substituted.  It was then incumbent on defendant to put forth evidence the cocaine 
was
 tampered with or substituted or a mistake occurred.  

While 
Woods
 is controlling, we do not believe this kind of stipulation ought be the standard to which trial counsel should aspire.  The record contains no evidence either by live testimony or stipulation as to what Sergeant Swenson did with the plastic bag he recovered from defendant.  No evidence showed the bag was placed in a closed or sealed container or was initialed or dated by Sergeant Swenson.  No evidence showed where the bag was stored after it was recovered by Sergeant Swenson or when it came into the possession of Willie Gartrell.  From the stipulation, we know Gartrell is "from Task Force X," but we do not know how he was involved in this investigation, how the exhibit came into his possession, or how he stored the exhibit while it was in his custody.  The stipulation describes the bag as a sealed evidence bag.  See 
Cowans
, 336 Ill. App. 3d at 180-81, 782 N.E.2d at 786 (where no evidence showed the items were delivered in a closed or sealed container).  No evidence showed how a bag taken from defendant ended up in a sealed evidence bag.  No evidence showed this bag is different in any way from other bags of controlled substances that may have been handled by the task force, or transported to the lab, or stored.  No evidence showed the bag presented as exhibit No. 1 is the 
same
 one recovered from defendant by Sergeant Swenson.  The stipulation clearly resolves that what forensic scientist Martin tested was cocaine.  The stipulation does not answer the points raised above.

The State need not present everyone involved in the chain of custody, and we conclude it has met the 
minimum standard enunciated in 
Woods
.  However, 
a clear chain of custody could have been readily established by providing further information on what happened to the contraband after it was removed from defendant and prior to it being given to Martin by Gartrell.  Both prosecution and defense could have avoided the issue on appeal of what is included in the stipulation by creating or agreeing upon a complete stipulation and making it clear exactly what is to be included and what is not, 
i.e.
, just the chemist's test results or the entire chain of custody.  

B. Sufficiency of the Evidence

Defendant also asserts on appeal the evidence was insufficient to prove he intended to deliver the cocaine because the only evidence of his intent came from the informant, Beals.  However, Beals testified he contacted defendant and they had agreed to meet at Aldi's where defendant was to sell Beals an ounce of cocaine.  Beals's credibility was called into question, but the jury could have reasonably concluded defendant was at Aldi's at the designated time to make a delivery to Beals.  Defendant further argues he possessed only 23 grams of cocaine rather than a full ounce (28 grams), and thus Beals's testimony with regard to his agreement with defendant to purchase an ounce of cocaine was not believable.  

However, the discrepancy in the amount of cocaine bargained for and the amount in defendant's possession goes to the weight to be given to Beals's testimony.  This discrepancy does not render the jury verdict irrational.  See 
Robinson
, 167 Ill. 2d at 407, 657 N.E.2d at 1026 (on review, the question is whether, taking all the evidence in a light most favorable to the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt).  

C. Abuse of Discretion in Sentencing

Finally, defendant contends the trial court erred in sentencing him to 12 years in prison.  However, the trial court's determination as to the appropriate sentence will not be disturbed absent an abuse of discretion.  
People v. Illgen
, 145 Ill. 2d 353, 379, 583 N.E.2d 515, 526 (1991).  A reviewing court may not reduce a defendant's sentence merely because the reviewing court may have weighed applicable factors differently.  
People v. Fern
, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999).  Defendant was convicted of a Class X felony for which the court could impose a sentence of not less than 6 and not more than 30 years' imprisonment (720 ILCS 570/401(a)(2)(A) (West 2002); 730 ILCS 5/5-8-1(a)(3) (West 2002)).  The 12-year sentence imposed represents a mid-range sentence.  The trial court stated the sentence was justified as a deterrent, and the court was also aware defendant violated the conditions of his bond and was a fugitive at the time of this trial and sentencing.  Although defendant argues the trial court failed to consider factors in mitigation, the court noted defendant's minimal criminal history and that his conduct was facilitated or induced by another.  Thus, the record reflects the trial court did consider factors in mitigation, and therefore the court did not abuse its discretion in imposing sentence.

III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.      

APPLETON, J., concurs.

TURNER, P.J., specially concurs.

PRESIDING JUSTICE TURNER, specially concurring:

As indicated by the majority, we were ordered to vacate this court's decision in 
People v. Echavarria
, No. 4-02-1027 (December 22, 2004) (unpublished order under Supreme Court Rule 23), reversing defen­dant's conviction.  I dissented in that order, indicating I would find defendant had forfeited his chain-of-custody argument on appeal based upon defense counsel's concession defendant possessed cocaine, the stipulation presented, the lack of objec­tion to either foundation or chain of custody, and defendant's new theory of innocence asserted for the first time on appeal.  Notwithstanding forfeiture, I also indicated I would find the State provided a sufficient foundation for the admissibility of the package of cocaine.  On reconsideration, the majority affirms defendant's conviction and sentence, and I now specially concur.

The majority correctly affirms defendant's conviction based upon the authority of 
Woods
.  The majority also correctly sets forth the holding and rationale of 
Woods
.  Having done so, the majority nonetheless criticizes the stipulation for its exiguous detail.  Slip op. at 13-14.  However, without an objection from defense counsel as to any alleged deficiencies, the State is entitled to rely upon the stipulation agreed to by the parties.  See 
Woods
, 214 Ill. 2d at 475, 828 N.E.2d at 259 (the State would believe the sufficiency of the chain of custody was not at issue when defense counsel stipulates to the report and fails to raise the issue at trial).  Morever, as the supreme court stated in 
Woods
,

"In the context of the entire record, it is apparent that the intention of the parties' agreement to stipulate to the chemist's testimony in a summary and brief manner served to remove from this case any dispute with respect to the chain of custody or the chemical composition of the recovered substance."  
Woods
, 214 Ill. 2d at 474, 828 N.E.2d at 259.

The same can be said in this case.