**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190070-U

Order filed February 18, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0070 Circuit No. 17-CF-300 |
| TODD A. FREDERICKS, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court.
Justices O'Brien and Schmidt concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The evidence presented at defendant's stipulated bench trial was sufficient to prove him guilty beyond a reasonable doubt of armed violence.

¶ 2     Defendant, Todd A. Fredericks, appeals his conviction for armed violence. Defendant argues that the evidence presented at his stipulated bench trial was insufficient to prove him guilty beyond a reasonable doubt of this charge. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          Defendant was charged with two counts of armed violence (720 ILCS 5/33A-2(a) (West

2016)) in that he, while armed with a handgun, committed the felony offense of aggravated

fleeing or attempting to elude a peace officer. Defendant was also charged with aggravated

discharge of a firearm (*id.* § 24-1.2(a)(2)).

¶ 5          The matter proceeded to a stipulated bench trial on the charges of aggravated discharge of

a firearm and one count of armed violence. The State agreed to dismiss the second count of

armed violence. The State also agreed to sentencing caps of 23 years' imprisonment for armed

violence and 7 years' imprisonment for aggravated discharge of a firearm. The court admonished

defendant of the nature of the charges, the sentencing ranges, and that he was giving up his trial

rights.

¶ 6          The prosecutor stated that the parties had stipulated that, if called to testify, former

Sergeant Steven Cover would testify that he received a call that shots were fired at In-N-Out

Liquors on the day of the incident. While proceeding to the area of the shooting in his squad car,

Cover heard additional radio dispatches concerning the potential vehicle suspected to be

involved in the incident. Cover observed a vehicle matching that description driven by a male

wearing a green jacket. Cover executed a U-turn to try to stop the vehicle, and the vehicle drove

off at a high rate of speed. He then activated his emergency lights and attempted to catch up to

the vehicle. The vehicle turned and crashed into a stop sign. The vehicle continued driving,

failing to stop at several stop signs. The vehicle turned again and wove through traffic at a high

rate of speed. Cover was traveling at a speed of 95 miles per hour at one point in an attempt to

catch up to the vehicle, and the vehicle was pulling away from him. At that time, the vehicle

2

would have been traveling in excess of 21 miles over the speed limit. Cover eventually lost sight of the vehicle.

¶ 7        Another officer, Ronald Hill, located the vehicle after Cover lost sight of it. Hill followed the vehicle until it struck the rear of a pickup truck. Another officer pinned the vehicle in. Officers were eventually able to secure the driver, who was identified as defendant. Hill located a handgun on the passenger side floorboard.

¶ 8        Officer Paul Tuttle would testify that he later searched the vehicle and located a second handgun. Tuttle also located three shell casings and one cartridge in the vehicle. He then collected five shell casings near In-N-Out Liquors that were found on the street.

¶ 9        A forensic scientist would testify that the five shell casings collected near In-N-Out Liquors and the three shell casings collected from defendant's vehicle were fired from the second handgun that was recovered from the vehicle.

¶ 10        Sergeant Cory Huff would testify that defendant was brought for a show-up near In-N-Out Liquors. Torrie Asby identified defendant as the driver of the vehicle and the individual who had fired the shots at him.

¶ 11        Detective Matt Legaspi would testify that he obtained security video footage from In-N-Out Liquors. The video would show that a gold van drove by the area. Two individuals who were walking away from the van began to run. The van never stopped moving. The prosecutor stated that the video showed "a definite kick-up of dirt indicating that a projectile had struck the area in the vicinity of [Asby]." Legaspi would also testify that defendant waived his *Miranda* rights and said that he fired a shot in the air because he was being shot at by other individuals.

¶ 12        After the State set forth the stipulated evidence, the court asked defense counsel if he stipulated to the sufficiency of the evidence. Defense counsel replied, "Yes, sir." The court asked

3

defendant if he stipulated that the stipulated evidence would be sufficient to convict if the matter went to a trial. Defendant said that the stipulation was not "totally accurate." However, defendant eventually agreed that the stipulated evidence was what he would expect the State to present at a trial and that it would be sufficient to convict if it was the only evidence considered. The court then found that the stipulated evidence was sufficient to convict defendant of armed violence and aggravated discharge of a firearm. Defense counsel stated that defendant had elected a stipulated bench trial because he wished to raise a constitutional challenge to the sentencing scheme for the armed violence statute.

¶ 13        Defendant filed a motion for judgment of acquittal notwithstanding the verdict. Defendant argued that the stipulated evidence was insufficient to prove him guilty of armed violence because the mere presence of a handgun in his vehicle did not show that he was in possession of the gun at the time he committed the offense of aggravated fleeing and eluding. Defendant also argued that the armed violence statute was unconstitutional as applied to him in that it violated his due process and equal protection rights.

¶ 14        At the hearing on the motion, defense counsel stated that it had been defendant's intention to stipulate to the evidence but not that the stipulated facts "did, in fact, constitute the crime alleged." The court then asked, "You were stipulating to the State's evidence but not the defendant's guilt?" Defense counsel replied, "Correct. That is correct." The State indicated that this was its understanding as well.

¶ 15        Defense counsel proceeded to argue that the stipulated evidence was insufficient to prove defendant guilty beyond a reasonable doubt of armed violence because the stipulated evidence did not establish that defendant was in possession of a weapon. Defense counsel noted that one handgun was found on the passenger side floorboard and the other was found behind the driver's

seat.[1] The State argued that defendant had constructive possession of both handguns found in the vehicle. The State also argued that defendant had immediate access to and timely control over the handguns. The court denied the motion.

¶ 16      The court imposed concurrent sentences of 16 years' imprisonment for armed violence and 7 years' imprisonment for aggravated discharge of a firearm.

¶ 17      II. ANALYSIS

¶ 18      Defendant argues that his armed violence conviction should be reversed because the stipulated evidence was insufficient to prove him guilty beyond a reasonable doubt. Specifically, defendant argues that the stipulated evidence did not establish that he was armed while he committed the felony offense of aggravated fleeing or attempting to elude a peace officer.

¶ 19      Initially, we address the State's threshold argument that defendant waived his sufficiency of the evidence argument. Specifically, the State contends that the stipulated bench trial was tantamount to a guilty plea because defendant stipulated that the evidence was sufficient to convict him of the charged offenses. The State further argues that because the stipulated bench trial was tantamount to a guilty plea, all nonjurisdictional errors or irregularities are waived. See *People v. Townsell*, 209 Ill. 2d 543, 545 (2004).

¶ 20      The State waived this argument on appeal by failing to assert it in the circuit court. See *People v. O'Neal*, 104 Ill. 2d 399, 407 (1984) ("This court has consistently held that issues not raised in the trial court are generally considered waived on appeal. [Citations.] The principle of waiver applies to the State as well as the defendant in a criminal case."). At the hearing on defendant's posttrial motion, defense counsel argued that the stipulated evidence was insufficient

---

[1]The location of the second handgun was not included in the stipulated evidence presented during the trial.

to convict defendant of armed violence. The State argued against defendant's challenge to the sufficiency of the evidence on its merits and failed to assert that defendant had waived this challenge. The State also expressly agreed that its understanding was that defense counsel had stipulated to the evidence but not defendant's guilt. See *People v. Woods*, 214 Ill. 2d 455, 468-69 (2005) ("The primary rule in the construction of stipulations is that the court must ascertain and give effect to the intent of the parties.").

¶ 21    Next, we address defendant's argument that the stipulated evidence was insufficient to prove him guilty beyond a reasonable doubt of armed violence. When presented with a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

¶ 22    Under section 33A-2(a) of the Criminal Code of 2012 (720 ILCS 5/33A-2(a) (West 2016)), a person commits the offense of armed violence when he commits any felony offense defined by Illinois law, with certain exceptions not applicable to the instant case, "while armed with a dangerous weapon." Here, defendant was charged with committing the underlying felony offense of aggravated fleeing or attempting to elude a peace officer. 625 ILCS 5/11-204.1(a)(1) (West 2016). This required the State to prove that defendant, while driving a motor vehicle, fled or attempted to elude a peace officer after having been given a visual or audible signal at a rate of speed at least 21 miles over the legal speed limit. *Id.*

¶ 23    A person is considered to be "armed with a dangerous weapon" under the armed violence statute "when he or she carries on or about his or her person or is otherwise armed with" specified types of weapons. 720 ILCS 5/33A-1(c)(1) (West 2016). Our supreme court has held

that to be "armed" for purposes of the armed violence statute "it would be necessary that the defendant have some type of *immediate access to* or *timely control over* the weapon." (Emphasis in original.) *People v. Condon*, 148 Ill. 2d 96, 110 (1992). The *Condon* court reasoned: "A felon with a weapon at his or her disposal is forced to make a spontaneous and often instantaneous decision to kill without time to reflect on the use of such deadly force. [Citation.] Without a weapon at hand, the felon is not faced with such a deadly decision." *Id.* at 109-10.

¶ 24     In the instant case, viewing the evidence in the light most favorable to the State, the stipulated evidence was sufficient to prove that defendant had immediate access to or timely control over a handgun at the time he committed the offense of aggravated fleeing or attempting to elude a peace officer. The stipulated evidence indicated that officers located a handgun on the passenger side floorboard of defendant's vehicle after apprehending defendant. This evidence supported an inference that there was a gun within defendant's reach at the time he was fleeing from the officers.

¶ 25     Defendant claims that it would have been very dangerous for him to lean his head and upper body below the dashboard, while traveling at a high rate of speed, in order to exercise control over the handgun. On this basis, defendant asserts it would have been "inconceivable" or impossible for him to retrieve the handgun during the commission of the underlying offense. Defendant's argument is not persuasive. Defendant's conduct suggests the safe operation of the vehicle was not a serious consideration for him during the chase. The fact that defendant may have had to contort his body and momentarily take his eyes off the road in order to grab the firearm does not support the view that the handgun was beyond his reach while operating the vehicle.

¶ 26    We also reject defendant's reliance on *People v. Melgoza*, 231 Ill. App. 3d 510 (1992), which we find to be factually distinguishable. In *Melgoza*, the defendant was convicted of armed violence in that he was armed while committing the felony offense of unlawful possession of a controlled substance with intent to deliver. *Id.* at 531. The trial evidence showed that the defendant and another individual entered the defendant's vehicle and drove away. *Id.* at 517. A few minutes later, officers located cocaine under the hood of the defendant's vehicle and a gun in the "back" of the vehicle. *Id.* The officer who testified at the trial did not personally recover the gun. *Id.* He said he did not know exactly where the gun was found, but he knew it was found in the backseat. *Id.* The officer also said that he did not know whether the gun was found under the backseat or in the trunk compartment. *Id.* The *Melgoza* court held that the State failed to establish that the defendant was armed within the meaning of the armed violence statute because the evidence did not show that the gun was readily accessible and within his reach at the time the officers stopped his vehicle or whether it was easily within his reach from where he was seated. *Id.* at 532.

¶ 27    Unlike in *Melgoza*, the stipulated evidence in the instant case showed that officers located a handgun on the passenger side floorboard. The evidence concerning the location of this gun was more specific than the evidence in *Melgoza*, which indicated that a gun was found somewhere in the backseat. Also, unlike in *Melgoza*, the location of the gun on the passenger side floorboard in this case supported an inference that the gun was within defendant's reach from the driver's seat. Accordingly, the evidence in the instant case was sufficient to show that defendant was armed at the time he committed the offense of aggravated fleeing or attempting to elude a peace officer.

¶ 28                                    III. CONCLUSION

¶ 29        The judgment of the circuit court of Peoria County is affirmed.

¶ 30        Affirmed.