2019 IL App (3d) 160315

Opinion filed June 20, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois. |
|---|---|---|
| Plaintiff-Appellee, | ) ) | Appeal No. 3-16-0315 |
| v. | ) ) | Circuit No. 14-CF-255 |
| XAVIER LEE HOLLIDAY, | ) ) | Honorable Walter D. Braud, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices Holdridge and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant, Xavier Lee Holliday, was found guilty of the Class 2 felony of unlawful possession with intent to deliver more than 500 grams but not more than 2000 grams of a substance containing cannabis (720 ILCS 550/5(e) (West 2012)). Defendant was sentenced to four years of imprisonment and two years of mandatory supervised release (MSR). Defendant appeals, arguing that his conviction should be reduced to the civil law violation of possession of not more than 10 grams of a substance containing cannabis (720 ILCS 550/4(a) (West 2016) (effective July 29, 2016)) because the State's evidence of the weight of the seized

drug only established that defendant had possessed an unspecified amount of cannabis, the State failed to prove defendant had an intent to deliver, and he was "entitled to be sentenced under the law in effect at the time of sentencing." We affirm, modifying defendant's conviction to the lesser included offense of a civil violation for possession of not more than 10 grams of any substance containing cannabis (720 ILCS 550/4(a) (West 2016)), vacating defendant's sentence and MSR term, and resentencing defendant to a fine of $100.

¶ 2                                     I. BACKGROUND

¶ 3        At defendant's bench trial, the evidence showed that on December 5, 2013, Rock Island police officers went to an apartment in Moline, Illinois, to locate defendant in an attempt to execute a warrant for defendant's arrest. Officer Justin Chisholm was able to see in the apartment's living room window and observed defendant in the apartment. Chisholm informed other officers via radio that he observed defendant inside the apartment. Officer Jesse Doty and another officer knocked on the apartment door, but there was no response for two minutes. During this time, Chisholm observed defendant look out of the peep hole of the front door and then walk toward the back of the apartment out of sight. Chisholm radioed the other officers to inform them that defendant had gone to the rear of the apartment.[1] A female opened the apartment door and allowed officers to enter. Doty proceeded toward the back of the apartment and saw a man, who he believed to be defendant, jump out of the window. Doty radioed to the other officers to inform them that defendant had jumped out of the window. Doty then ran outside in pursuit of defendant.

¶ 4        Police officers searched the area immediately surrounding the apartment building. Three plastic bags of a plant substance and a small blue scale were found outside the window from

[1] During his testimony at trial, Chisholm identified defendant as the male he had observed in the apartment.

2

which defendant had jumped. Chisholm removed the plant substance from the three bags and placed the substance into one bag, which was sent for testing to determine the identity of the substance. Chisholm placed the three empty bags into an envelope, which was subsequently sent for fingerprint testing. Inside the apartment, police also found a small amount of suspected marijuana in the kitchen (a gram or two) and a box of small empty plastic bags.

¶ 5 Michelle Dierker, the forensic scientist who tested the plant substance, testified as an expert in the identification of controlled substances and cannabis. Dierker weighed the "plant material" without any packaging and then tested the "plant material" for the presence of cannabis. The weight of the plant material was 1048 grams. In determining whether the "plant material" was cannabis, Dierker looked at a sample of the substance under a microscope for "identifying characteristics" and determined that the substance was positive for the presence of cannabis. Dierker performed "a chemical color test" on a sample of the plant substance, and she determined that the substance was positive for the presence of cannabis. Dierker testified, "the 1048 grams of plant material contained in [the bag submitted for testing] was positive for the presence of cannabis." Dierker confirmed that her opinion was rendered to a reasonable degree of scientific certainty. Forensic scientist, Chris Jacobson, testified that defendant's fingerprint was on one of the empty baggies that had been submitted for fingerprint analysis.

¶ 6 In ruling, the trial court found that, based on circumstantial evidence, the cannabis that police found outside the apartment window was caused to be there by defendant; that the amount of cannabis was 1048 grams, with a value of approximately $3000; and that the testimony of Jacobson regarding the defendant's fingerprint being on one of the bags was credible. The trial court further found that the amount of marijuana was too much for personal use and that the defendant's possession of the marijuana "was for the purpose of sale." The trial court concluded

that the State had proven defendant guilty of the Class 2 felony of possession with intent to deliver more than 500 grams but not more than 2000 grams of a substance containing cannabis (720 ILCS 550/5(e) (West 2012)) beyond a reasonable doubt. Defendant filed a motion to reconsider, which the trial court denied on June 2, 2016. Additionally, on June 2, 2016, the trial court sentenced defendant to four years of imprisonment with two years of MSR. Defendant appealed.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, defendant argues that his conviction for the Class 2 felony of unlawful possession with the intent to deliver more than 500 grams but not more than 2000 grams of a substance containing cannabis should be reduced to the lesser included offense of a civil law violation for the unlawful possession of not more than 10 grams of cannabis. Defendant contends that the State failed to prove the amount of cannabis in his possession beyond a reasonable doubt to support his conviction and failed to prove intent to deliver. The State argues that it sufficiently proved that the 1048 grams of plant material submitted to the forensic laboratory for testing was cannabis by way of the testimony of forensic scientist, Michelle Dierker, and that the 1048 grams of plant material that had been submitted to her for testing was cannabis. The State further argues that the circumstances under which the 1048 grams of plant material was found additionally supports the trial court's conclusion that defendant had been in possession of 1048 grams of cannabis. The State also argues that defendant's intent to deliver was sufficiently proven because 1048 grams of cannabis is too great of an amount to be reasonable for personal use.

¶ 9                              A. Amount of Cannabis

¶ 10       Essentially, defendant is challenging the sufficiency of evidence in this case. In reviewing a challenge to the sufficiency of the evidence, the relevant question is whether, after viewing the

4

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). A conviction will be reversed where the evidence is so unreasonable, improbable, or unsatisfactory that there remains a reasonable doubt of defendant's guilt. *People v. Ross*, 229 Ill. 2d 255, 272 (2008).

¶ 11     When a defendant is charged with possession of a specific amount of an illegal drug with intent to deliver and the charge contains a lesser included offense of possession of a smaller amount, then the weight of the seized drug is an essential element of the crime that must be proven beyond a reasonable doubt. *People v. Jones*, 174 Ill. 2d 427, 428-29 (1996). However, a chemist does not need to test every sample seized in order to render an opinion as to the makeup of the whole. *Id.* at 429. Instead, "random testing is permissible when the seized samples are sufficiently homogenous so that one may infer beyond a reasonable doubt that the untested samples contain the same substance as those that are conclusively tested." *Id.* When the samples seized are not sufficiently homogenous, a portion from each container or sample must be tested in order to determine the contents of each container or sample. *Id.*

¶ 12     In *People v. Kaludis*, 146 Ill. App. 3d 888, 891-92 (1986), the forensic chemist performed "a tablet-ballistics test" which, in essence, was a visual examination of all the tablets and which revealed identical markings, lettering characteristics, beveling, and scoring. Chemical testing of 3 of the 100 tablets indicated the presence of a controlled substance, which led the expert forensic chemist to opine that the controlled substance was present in all 100 tablets. *Id.* at 892. The First District Appellate Court stated that testing random samples never conclusively demonstrates anything about the entire substance but only permits an expert, if the substance is

5

homogeneous, to render his opinion as to the entire substance, including those portions that were not tested. *Id.* at 896.

¶ 13        In *Jones*, the Illinois Supreme Court considered whether the State met its burden of proving that the defendant had possessed more than one gram of a substance containing cocaine. *Jones*, 174 Ill. 2d at 428-430. In *Jones*, the defendant was found to have possessed five packets of a white rocky substance weighing a total of 1.4 grams. *Id.* at 428-29. Two of the bags, which weighed 0.59 grams, were tested by a forensic chemist and showed the presence of cocaine. *Id.* Our Supreme Court stated that, without more, no inference could be drawn concerning the composition of the three untested packets because the five packets contained "loose substances" that could not be equated to identically marked and stamped tablets. *Id.* at 429-30. Our supreme court also noted that a finding that the untested packets contained cocaine "must be based on evidence and not upon guess, speculation, or conjecture" and held that the chemist failed to test a sufficient number of packets to prove beyond a reasonable doubt that defendant possessed one gram or more of cocaine. *Id.* at 430. Our supreme court also noted that whether the untested packets contained cocaine or mere lookalike substances was "pure conjecture" and held that the State failed to meet its burden of proof regarding the untested packets. *Id.*

¶ 14        Here, defendant was found to have possessed three separate bags of a plant-like substance. The contents of the three plastic bags were commingled into one bag and submitted for forensic testing to determine the identity of the plant substance, while the three empty plastic bags were sent for fingerprint testing. However, separate packets cannot be combined to reach a specific weight prior to testing for the presence of cannabis. See *People v. Clinton*, 397 Ill. App. 3d 215, 221-23 (2009); *People v. Coleman*, 391 Ill. App. 3d 963, 972-74 (2009). When suspect substances are commingled, there is no way to know how many of the packets had contained an

illegal substance, requiring evidence that an illegal substance was present in each packet. See *Clinton*, 397 Ill. App. 3d at 223.

¶ 15    Contrary to the State's argument in this case, Dierker's expert opinion that the entirety of the 1048 grams of plant substance was cannabis was not sufficient evidence to prove that defendant had more than 500 grams but not more than 2000 grams of cannabis in his possession beyond a reasonable doubt where there was no evidence that all 1048 grams of the plant substance was "sufficiently homogenous." See *Jones*, 174 Ill. 2d at 428-29. Without evidence that the entirety of the substance was homogenous, the trier of fact could not infer beyond a reasonable doubt that the tested and untested portions were the same substance. See *id.* at 429. Because there was no evidence that the entirety of the substance was "sufficiently homogenous," the State was required to show that a portion of each bag had been tested prior to the contents of the bags being commingled. See *Clinton*, 397 Ill. App. 3d at 221-23 (when the contents of the packages are commingled before testing, the test results are insufficient to support the weight element beyond a reasonable doubt). However, the State did not test a portion of each bag prior to the contents of the bags being commingled and there was no evidence that all 1048 grams of the commingled plant substance appeared homogenous. Consequently, there was no way to determine whether each of the three bags contained cannabis. See *id.*

¶ 16    Therefore, while the State presented evidence that the tested sample was, in fact, cannabis to sufficiently prove that defendant had some amount of cannabis in his possession, there was no evidence regarding the weight of the sample that had been tested. Thus, the State failed to prove the defendant possessed any specific amount of cannabis beyond a reasonable doubt. See *Collins*, 106 Ill. 2d at 261 (when determining a sufficiency of the evidence challenge, a reviewing court questions whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt). As a result of the State's failure to prove the amount of cannabis in defendant's possession, which was an essential element of the crime that must have been proven beyond a reasonable doubt, we must reduce defendant's conviction to a lesser included offense. See *Jones*, 174 Ill. 2d at 428-29. Our resolution of whether the defendant's conviction should be reduced to either the offense of "possession" of not more than 2.5 grams of any substance containing cannabis (720 ILCS 550/4(a) (West 2012) (a Class C misdemeanor)) or "possession with intent to deliver" not more than 2.5 grams of any substance containing cannabis (720 ILCS 550/5(a) (West 2012) (a Class B misdemeanor)) depends on whether the State sufficiently proved intent to deliver beyond a reasonable doubt.

¶ 17                                    B. Intent to Deliver

¶ 18          Defendant argues his conviction should be reduced from possession with the intent to deliver to "simple possession" because the State failed to prove intent to deliver beyond a reasonable doubt. Defendant contends that the State failed to prove intent to deliver beyond a reasonable doubt because there was no evidence of intent to deliver other than the trial court's erroneous finding that he had possessed 1048 grams of cannabis, which the trial court had found was an amount greater than what would be possessed for personal use. Defendant also argues that even if the State had proved that he possessed 1048 grams of cannabis, the intent to deliver element was not sufficiently proven because "intent to deliver cannot be based on substance quantity alone."

¶ 19          The State concedes that, "if this court finds it proved defendant in possession of only a trace amount of cannabis for not having the entirety of the 1,048 grams tested, then it did not establish that defendant possessed that trace amount with intent to deliver." The State

8

additionally argues that no evidence other than the possession of cannabis in an amount greater than what someone would reasonably possess for personal use was necessary to establish defendant's intent to deliver.

¶ 20     Direct evidence establishing intent to deliver is rare, as such circumstantial evidence is often used to prove intent to deliver. *People v. Robinson*, 167 Ill. 2d 397, 408 (1995). The supreme court has noted that the quantity of a controlled substance can be sufficient to show intent to deliver, but the court cautioned that "such is the case only where the amount of controlled substance could not reasonably be viewed as designed for personal consumption." *Id.* at 411. Nevertheless, "[a]s the quantity of controlled substance in the defendant's possession decreases, the need for additional circumstantial evidence of intent to deliver to support a conviction increases." *Id.* at 413. The sufficiency of the evidence to prove intent to deliver is considered on a case-by-case basis. *Id.* at 412-13.

¶ 21     Here, in regard to intent to deliver, the evidence presented showed that defendant possessed 1048 grams of either cannabis or a combination of cannabis and a look-alike substance, which had been divided into three separate bags. Arguably, when viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have found that defendant's possession of marijuana—either 1048 grams of marijuana or a trace amount of marijuana combined with a look-alike substance—was not intended for personal use and an intent to deliver was sufficiently proven. However, the State has conceded the issue of its failure to prove intent to deliver based on its failure to prove that all 1048 grams of the plant substance was cannabis. Consequently, we need not determine whether evidence of defendant dropping a scale and three bags containing a total of 1048 grams of either cannabis or some combination of cannabis and a look-alike substance while fleeing from police was sufficient

9

proof of intent to deliver beyond a reasonable doubt. We also need not reach the issue raised by defendant of whether intent to deliver can be inferred from the quantity of the substance alone.

¶ 22 In sum, the State failed to prove defendant was in possession of any specific amount of a substance containing cannabis beyond a reasonable doubt, and on that basis, the State conceded its failure to prove intent to deliver beyond a reasonable doubt. Although an accused cannot be convicted of a crime with which he has not been charged, he may be convicted of a lesser included offense of the expressly charged offense. *People v. Williams*, 267 Ill. App. 3d 870, 879-80 (1994). Therefore, we must modify defendant's conviction to that of a lesser included offense and vacate defendant's current sentence so that he may be properly resentenced.

¶ 23 C. Resentencing

¶ 24 In his brief on appeal, defendant argues that the State's failure to prove the element of intent to deliver should result in his felony conviction for possession with intent to deliver being reduce to a "civil violation" for possession of an unspecified amount of a substance containing cannabis. See 720 ILCS 550/4(a) (West 2016) (effective July 29, 2016, any person who knowingly possesses cannabis with respect to not more than 10 grams of any substance containing cannabis "is guilty of a civil law violation punishable by a minimum fine of $100 and a maximum fine of $200"). Defendant claims that he is entitled to be resentenced under the 2016 amendment to section 550/4(a) of the Illinois Cannabis Control Act "because he is entitled to be sentenced under the law in effect at the time of sentencing."

¶ 25 In support of this contention, defendant cites *People v. Hollins*, in which the our supreme court held that, under Illinois law, where a defendant has been charged with an offense that was amended subsequent to the commission of the offense and prior to sentencing, the defendant may elect to be sentenced under the law in effect either at the time of the offense or under the law in

10

effect at the time of sentencing. See *Hollins*, 51 Ill. 2d 68, 71-72 (1972). Section 4 of the Statute on Statutes, in relevant part, provides:

> "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." 5 ILCS 70/4 (West 2016).

¶ 26      Section 4 of the Statute on Statutes does not give the defendant the right to be sentenced under a law that is not in full force and effect at the time of his sentence and is only applicable in cases which a new law had become effective prior to the date of the actual sentence. *People v. Denier*, 76 Ill. App. 3d 214, 216 (1979). However, where defendant's sentence is vacated on appeal and the cause is remanded for resentencing, under section 4 of the Statute on Statutes, a defendant may elect to be sentenced under the law in effect at the time of resentencing. *People v. Reyes*, 2016 IL 119271, ¶ 12 (on remand from a vacated sentence, defendant was entitled to be resentenced under the new sentencing law that had been enacted during the pendency of defendant's appeal).

¶ 27      In this case, at the time defendant committed the offense (on December 5, 2013) and at the time defendant was sentenced (on June 2, 2016), the amendment to the Illinois Cannabis Control Act indicating that possession of not more than 10 grams of any substance containing cannabis is a "civil violation punishable by a minimum fine of $100 and a maximum fine of $200" was not yet in effect. See 720 ILCS 550/4(a) (West 2016) (amendment effective July 29, 2016). Instead, under the applicable statute in effect at the time defendant committed the offense (on December 5, 2013) and at the time he was sentenced (on June 2, 2016), the possession of not more than 2.5 grams of any substance containing cannabis constituted a Class C misdemeanor punishable by up to 30 days in prison. See 720 ILCS 550/4(a) (West 2012); 730 ILCS 5/5-4.5-60

11

(West 2012) (a Class C misdemeanor is punishable by to 30 days of imprisonment). Nonetheless, we have vacated defendant's sentence on appeal, so at resentencing defendant is entitled to elect to be sentence under the 2016 amendment to section 550/4(a) of the Illinois Cannabis Control Act. See *Reyes*, 2016 IL 119271, ¶ 12.

¶ 28 Given that defendant's argument on appeal shows that defendant has made such an election, we find that remanding for a resentencing hearing so that the trial court could impose a fine of $100 to $200 would be an unnecessary expenditure of judicial time and resources. See *People v. Jones*, 168 Ill. 3d 367, 368 (1995) (depending on the circumstances, a reviewing court may elect to impose a new sentence rather than to exhaust judicial resources, as well as the resources of counsel for the State and for the defendant, that would be expended by ordering a new sentencing hearing). In light of the fact that defendant has been serving a four-year prison sentence for this "civil violation" offense that has a maximum punishment of $200, we believe resentencing defendant to the minimum mandated punishment of a $100 fine is the most appropriate punishment under the applicable statute. See Ill. Sup. Ct. Rule (b)(4) (eff. Jan. 1, 1967) (on appeal, the reviewing court may reduce the punishment imposed by the trial court).

¶ 29 III. CONCLUSION

¶ 30 The judgment of the circuit court of Rock Island County is affirmed as modified, with this court reducing defendant's criminal felony conviction to a civil violation, vacating defendant's sentence and term of MSR, and resentencing defendant to a fine of $100. This cause is remanded to the trial court with directions to enter an order in accordance with this Opinion, vacating defendant's criminal conviction, sentence, and MSR term and entering a civil judgment and fine of $100.

Affirmed as modified and remanded with directions.