**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 170084-U

Order filed December 18, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-17-0084 |
| v. | ) | Circuit No. 12-CF-2955 |
| | ) | |
| BONNIE M. VALZONIS, | ) ) | Honorable Amy M. Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice Schmidt and Justice Carter concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The defendant's conviction of unlawful possession of more than 500 grams of a substance containing cannabis was reduced to a conviction of possession of not more than 2.5 grams of a substance containing cannabis because defense counsel's stipulation that a commingled bag of a green leafy substance tested positive for 732.3 grams of cannabis was ineffective assistance and the evidence was insufficient to prove the quantity absent the stipulation.

¶ 2 The defendant, Bonnie M. Valzonis, appeals from her conviction of unlawful possession of more than 500 grams but not more than 2000 grams of a substance containing cannabis with intent to deliver (720 ILCS 550/5(e) (West 2012)).

¶ 3                                                     FACTS

¶ 4 On December 20, 2012, several officers from the Will County Sheriff's Department, assisted by the Romeoville Police Department, executed a search warrant at the defendant's home. The search warrant named Vyto Spackauskas as the target and was related to an alleged controlled sale of cocaine by Spackauskas to a confidential informant. During the search, the officers did not recover any cocaine but did recover multiple containers of suspected cannabis. The defendant was charged with unlawful possession of more than 500 grams but not more than 2000 grams of a substance containing cannabis with intent to deliver (*id.*).

¶ 5 The defendant waived a jury trial. At the defendant's bench trial, the prosecutor read into evidence a stipulation. The defense stipulated that

> "there is a 1) *sufficient chain of custody*; that the cannabis that was seized from the [defendant's home] was inventoried and kept by the Will County Gang Suppression Unit in a locker *** then sent *** in a sealed condition and in *one* plastic bag, to Forensic Chemist Sara Owen, who performed a microscopic and chemical analysis on said cannabis." (Emphases in original.)

It was further stipulated that Owen was an expert in forensic drug testing and that she would testify that the purported cannabis was positive for the presence of 732.3 grams of cannabis "received from one plastic bag from the Will County Sheriff's Department."

¶ 6 Four officers with the Will County Sheriff's Department testified regarding the search. Sergeant Joe Boers testified that no one answered the door when they served the search warrant

2

on 600 Avalon Avenue in Romeoville around 10:15 a.m. on December 20, 2012. The police entered the residence with a battering ram and found the defendant in the kitchen. There were several bedrooms in the house, but only one on the east side of the house, and that was the only bedroom that appeared to be lived in. Boers described that room as cluttered. When searching the east bedroom, Boers recovered a digital scale that had a green leafy residue and $779 in currency. Boers and Deputy Jason Schultz asked the defendant some questions after she waived her *Miranda* rights. According to Boers, the defendant stated that the east bedroom was hers and that she had some cannabis in her room.

¶ 7        Sergeant Joel Mantia testified that he also participated in the search and found a small bag of cannabis in the east bedroom. Mantia testified that other bags of cannabis were also found in the east bedroom. Lieutenant Brett Schaeffer testified that he participated in the search of the east bedroom and multiple bags of cannabis were recovered. He could not recall how many bags were recovered or the exact locations in the east bedroom. Schaeffer testified that the multiple bags were combined into one larger bag and into an evidence kit before leaving the defendant's house. The single bag was then taken back to the station, where it was sealed and stored before it was sent to the crime lab for testing.

¶ 8        Deputy Schultz testified that he also participated in the search. After the police entered the home, they found the defendant sitting at the table in the kitchen. Schultz stayed in the kitchen area with the defendant while other officers searched the home. The defendant told Schultz that she lived in the home and that her bedroom was the east bedroom. The defendant told Schultz that no one else lived at the residence, but that Spackauskas stayed there a couple of days a week.

¶ 9        After the State rested, defense counsel moved for a directed finding. Defense counsel argued that the State failed to establish a sufficient chain of custody because none of the officers

3

had been able to testify as to the weight or location of the individual bags prior to Schaeffer commingling the contents. Therefore, defense counsel asserted, the State had failed to prove that all of the substance admitted into evidence against the defendant was actually cannabis. As for the stipulation regarding the chain of custody, defense counsel stated that he agreed only that the single bag the police sent to the lab contained cannabis. The trial court denied the defendant's motion.

¶ 10    The defendant testified that she lived in the home with her daughter and her ex-husband, Philip Valzonis. She and Philip were still married at the time. The bedroom of the defendant's daughter was on the west side of the house, as was the room the defendant had been staying in for about six months prior to the search, since her husband had killed her aunt's poodle. The defendant testified that her husband occupied the east bedroom, but she did not recall if she told the police officers that. The defendant did tell them that her husband had a small amount of cannabis in the east bedroom.

¶ 11    In closing, defense counsel renewed his argument that the State had failed to establish that all of the substance recovered from the defendant's house was cannabis. Counsel asserted that, because the officers did not document and could not remember what each individual bag looked like or where in the bedroom it had been found, the State was unable to prove that the contents of each bag actually consisted of cannabis.

¶ 12    The trial court, considering the credibility of the witnesses and the stipulation, found that the State sustained its burden and found the defendant guilty. The defendant's counsel again argued that the stipulation only stipulated to the chain of custody after it was collected in the defendant's home and did not foreclose a challenge to the State's evidence. The defendant filed a posttrial motion arguing that the evidence was not sufficient that the entire commingled bag was cannabis, since the individual bags were not identified. Defense counsel contended that he did not know that

4

the police officers would not be able to identify where the individual bags of cannabis were found at the time he entered the stipulation. The trial court denied the motion, placing emphasis on the stipulation, which the trial court found was an agreement as to evidence and chain of custody. The trial court sentenced the defendant to 24 months' probation. The defendant appealed.

¶ 13                                    ANALYSIS

¶ 14        The defendant argues that the State failed to prove that the defendant possessed more than 500 grams of cannabis because the police commingled the contents of the individual bags before testing. Alternatively, the defendant argues that her trial counsel was ineffective for stipulating that the commingled bag tested positive for 732.3 grams of cannabis. The State contends that the chain of custody was sufficient and that the defendant was proven guilty beyond a reasonable doubt of possession with intent to deliver more than 500 grams of cannabis. The State contends that the stipulation was a matter of trial strategy and the defendant was barred from arguing that defense counsel was ineffective for entering into the stipulation because the defendant acquiesced with the giving of the stipulation.

¶ 15                            A. Sufficiency of the Evidence

¶ 16        When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Cunningham*, 212 Ill. 2d 274, 278 (2004). The defendant was convicted of possession of more than 500 grams but less than 2000 grams of cannabis with intent to deliver. 720 ILCS 550/5(e) (West 2012). The police officers testified that they found multiple bags in the east bedroom of the defendant's home, which were combined into a single bag at the defendant's home, and then saved as evidence and

submitted to the forensic chemist. The officers could not identify where or in what quantity the individual bags were found within the east bedroom.

¶ 17   The State argues that the commingled substances were sufficiently homogenous so that random testing of samples from the commingled bag was sufficient evidence to sustain the defendant's conviction. The random testing of samples from a seized substance is permissible when the seized samples are sufficiently homogenous so that it can be inferred beyond a reasonable doubt that the tested samples represent the whole. *People v. Jones*, 174 Ill. 2d 427, 429 (1996). When the substances are not sufficiently homogenous, however, each container or bag must be tested to determine its contents. *Id.* In *Jones*, the supreme court found that identically marked and stamped tablets were sufficiently homogenous, but separate packets of a white, rocky substance were not and each packet needed to be tested to determine its contents. *Id.* In *People v. Holliday*, 2019 IL App (3d) 160315, three plastic bags of plant substance were commingled into one bag, which was then sent for testing. A sample was tested and found positive for cannabis, and the forensic chemist testified that the total 1048 grams of plant material submitted for testing was positive for cannabis. *Id.* We found that there was no way to know how many of the bags contained the illegal substance since there was no evidence that all of the 1048 grams were sufficiently homogenous. *Id.* ¶ 15. Thus, testing on each bag was required. *Id*. We reach the same conclusion in this case. Since the substances were commingled and there was no evidence that they were sufficiently homogenous, testing random samples from the commingled bag was insufficient to prove that the defendant possessed 732.3 grams of cannabis.

¶ 18   To sustain a conviction for possession of a controlled substance, the State must establish the substance at issue is a controlled substance. *People v. Woods*, 214 Ill. 2d 455, 466 (2005). The State must also establish the chain of custody demonstrating that the substance tested was the same

6

substance discovered on the defendant. *Id.* at 467. However, when a defendant stipulates to the chain of custody, the State does not have to lay a foundation for the drug evidence and the defendant cannot later argue that the State failed to carry its burden. *Id.* at 468-69. When parties stipulate to evidence, no proof of the stipulated facts is needed; the stipulation substitutes for proof and negates the need for evidence. *Id.;* see *People v. Coleman*, 391 Ill. App. 3d 963 (2009) (*Coleman I*) (stipulation that 15 bags of a white, powdery substance commingled into 1 evidence bag was 926 grams of cocaine, based on the field test of 1 bag, was a sufficient chain of custody).

¶ 19    At trial, defense counsel stipulated to the amount of cannabis and the chain of custody. The trial court took the stipulation at face value and found that there was a sufficient chain of custody. We agree that, in light of the stipulation, the evidence was sufficient to sustain the defendant's conviction.

¶ 20                    B. Ineffective Assistance of Counsel

¶ 21    Since we have found that the evidence was sufficient to sustain the defendant's conviction, we address the defendant's alternative argument: that her trial counsel was ineffective for stipulating that the commingled bag tested positive for 732.3 grams of cannabis. The defendant argues that her counsel knew there was some issue about the cannabis but had not completed a reasonable investigation before entering the stipulation. The defendant argues prejudice because the State would have been unable to prove that the entire 732.3 grams actually consisted of cannabis absent the stipulation. The State contends that the defendant acquiesced in the stipulation and was barred from challenging it. Alternatively, the State contends that information outside the record would be necessary to establish ineffective assistance.

¶ 22    To establish ineffective assistance of counsel, a defendant must show his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors,

7

there was a reasonable probability that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *People v. Tademy*, 2015 IL App (3d) 120741, ¶ 21. To establish the first prong, the defendant must defeat the presumption that counsel's actions were a matter of trial strategy. *People v. Trice*, 2017 IL App (1st) 152090, ¶ 66. However, strategic decisions may amount to deficient performance when defense counsel acquiesces to the State's case. See *People v. Coleman*, 2015 IL App (4th) 131045, ¶ 78 (*Coleman II*) (Postconviction proceeding of the 15 bags commingled into 1 evidence bag; the court found that defense counsel was ineffective for not investigating the chemical testing process and for stipulating that the total 926 grams were cocaine, rather than contained or included some amount of cocaine).

¶ 23        "In deciding whether counsel provided ineffective assistance, this court employs a bifurcated standard of review, deferring to the trial court's findings of fact unless they are against the manifest weight of the evidence and considering *de novo* the ultimate legal issue of whether counsel's omission supports an ineffective assistance claim." *People v. Cunningham*, 2012 IL App (3d) 100013, ¶ 31.

¶ 24        Defense counsel stated at a pretrial hearing that he needed a continuance to investigate the possibility of filing pretrial motions. He remarked that the cannabis was found in many different locations and combined into one bag and later argued that the defendant may only be responsible for a small amount of personal-use cannabis. Thus, it was clear from the record in the trial court that defense counsel was aware that the cannabis was found in multiple locations before he entered into the stipulation. Also, like the stipulation found to be factually unfounded in *Coleman II*, the stipulation in this case stated that the forensic chemist would testify that the one plastic bag was positive "for the presence of 732.3 grams of cannabis," rather than stipulating that the bag contained or included some amount of cannabis in the 732.3 grams of substance recovered from

8

the defendant's home. Even allowing deference to counsel's judgment, we can see no reason for the stipulation as written and find that counsel's representation fell below an objective standard of reasonableness.

¶ 25    To establish the second prong of the *Strickland* test, that, but for counsel's errors, there was a reasonable probability that the outcome of the trial would have been different, a claim of ineffective assistance requires some resulting prejudice. *Coleman II*, 2015 IL App (4th) 131045, ¶ 80. In this case, counsel's deficient performance prejudiced the defendant. The trial court stated that the stipulation controlled, suggesting that the outcome of the trial would have been different but for the stipulation. Had counsel not stipulated to the amount of cannabis and that there was a proper chain of custody, the State would have had to prove that the contents of the individual bags consisted of cannabis. Other than the stipulation, there was no evidence presented at trial to establish where the individual bags were located or that there was cannabis in any particular bag.

¶ 26    There was evidence of a minimal amount of cannabis found in the defendant's home. Microscopic and chemical analyses were performed on the commingled bag, which indicated the presence of cannabis in some amount. In addition, the defendant admitted to having a small amount of cannabis in her bedroom. Therefore, we find that the State presented evidence that the defendant possessed some amount of cannabis but failed to prove the defendant possessed any specific amount of cannabis beyond a reasonable doubt. In addition, since the only evidence in the record of the defendant's intent to deliver was the large quantity of cannabis, we find that the State failed to prove that element. See *People v. Ellison*, 2013 IL App (1st) 101261, ¶ 16 (additional evidence of intent to deliver is required when the quantity of drug is consistent with personal use). As a result of the State's failure to prove the amount of cannabis in the defendant's possession, which was an essential element of the crime that must have been proven beyond a reasonable doubt, we

9

reduce the defendant's conviction to the lesser included offense of possession of not more than 2.5 grams of any substance containing cannabis (720 ILCS 550/4(a) (West 2012) (a Class C misdemeanor)). *Holliday*, 2019 IL App (3d) 160315, ¶ 16.

¶ 27       Since we are reducing the defendant's conviction to a Class C misdemeanor, we vacate the street value fine imposed pursuant to section 5-9-1.1(a) of the Unified Code of Corrections (730 ILCS 5/5-9-1.1(a) (West 2012)) and remand for a recalculation of fines and fees based on the lesser conviction.

¶ 28                                        CONCLUSION

¶ 29       The judgment of the circuit court of Will County is affirmed as modified, reducing the defendant's conviction to possession of not more than 2.5 grams of a substance containing cannabis. The street value fine is vacated, and the matter is remanded to the trial court for a redetermination of fines and fees applicable to the reduced conviction.

¶ 30       Affirmed as modified in part, vacated in part, and remanded.