**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220388-U

Order filed October 23, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Grundy County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0388 Circuit No. 19-CF-168 |
| | ) | |
| JOHN R. WASZAK, | ) ) | Honorable Sheldon R. Sobol, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices McDade and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The circuit court lacked jurisdiction to vacate its prior order waiving the defendant's fines.

¶ 2     The defendant, John R. Waszak, appeals from the denial of his motion for waiver of fines, arguing that the Grundy County circuit court erred in vacating its July 21, 2022, order and dismissing his motion for waiver of fines as untimely.

¶ 3                                I. BACKGROUND

¶ 4       The State charged the defendant with two counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2018)) stemming from a February 23, 2019, incident. On March 9, 2020, the defendant entered a plea of guilty to an amended charge of indecent solicitation of a child (*id.* § 11-6(a)) in exchange for five years' imprisonment. While reciting the terms of the agreement, the State announced that: "With respect to the $500 sex offender fine, there is no $5 a day credit against that. $357 court costs. *** The $250 DNA fee would be waived. The defendant has previously provided DNA. $200 sex assault fine."

¶ 5       On July 19, 2022, the defendant filed a form motion titled "Application for Waiver of Court Fees," invoking Illinois Supreme Court Rule 298 (eff. July 1, 2019) and section 5-105 of the Code of Civil Procedure (Code) (735 ILCS 5/5-105 (West 2022)). On this form, the defendant listed his incarceration status, lack of assets, and child support obligation. The defendant sent an accompanying handwritten filing titled "Notice to the Courts" requesting a full waiver of his fines and fees. The defendant noted that he was "consistent with being 125%, or more, below the poverty line."

¶ 6       On July 21, 2022, the court entered two orders waiving all of the defendant's fines and fees. The docket entry states that the State was present for the proceedings and the orders were entered in open court. The record reflects no oral or written objections from the State.

¶ 7       On September 12, 2022, the court recalled the case for a motion hearing. No motion appears on the record. The State was present. In discussing the defendant's July 19, 2022, motion, the court stated that:

> "By statute, the request for waiver of assessments has to be filed within 30 days of the date of the sentencing, which would be by April 9th of 2020. It was not filed in that time frame. In fact, the application for waiver was filed on July 19th.

And so the Court did not have the authority to enter the order on July 21st. That order is going to be vacated."

The State requested that the court deny the defendant's motion based on untimeliness. The court denied the defendant's motion.The defendant filed, *inter alia*, a motion to reconsider. The court denied the motion. The defendant appeals.

¶ 8                                              II. ANALYSIS

¶ 9         On appeal, the defendant argues that the court lacked jurisdiction to vacate its July 21, 2022, order waiving the defendant's fines and fees on September 12, 2022, 53 days after the order was entered. The defendant contends that his waiver request was substantively a petition to revoke his fines under section 5-9-2 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-9-2 (West 2022)). The State asserts that the petition was properly construed as a waiver of criminal court assessments pursuant to section 124A-20 of the Code of Criminal Procedure of 1963 (725 ILCS 5/124A-20 (West 2022)) and Illinois Supreme Court Rule 404 (eff. July 1, 2019), which establishes that any waiver applications under section 124A-20 must be filed "no later than 30 days after sentencing." Ill. S. Ct. R. 404(a) (eff. July 1, 2019).

¶ 10        The Criminal and Traffic Assessment Act (Act) was passed in 2018 and became effective on July 1, 2019. *People v. Clark*, 2018 IL 122495, ¶ 14. It created new sentencing assessments imposed based on a statutory schedule. See 705 ILCS 135/15-5 *et seq.* (West 2020). Additionally, the Act repealed many of the prior charge-imposing statutes. Pub. Act 100-987, § 905-93 (eff. July 1, 2019) (amending 705 ILCS 135/15-5 *et seq.*). "The [A]ct is not retroactive." *Clark*, 2018 IL 122495, ¶ 14.

¶ 11        The offense for which the defendant was convicted occurred in February 2019, prior to the effective date for the Act. Accordingly, the defendant was eligible for sentencing under either

statutory provision. See *People v. Holliday*, 2019 IL App (3d) 160315, ¶ 25 ("the defendant may elect to be sentenced under the law in effect either at the time of the offense or under the law in effect at the time of sentencing").

¶ 12    The record establishes that the defendant was sentenced using the statutory provisions in effect at the time of the offense. The defendant was ordered to pay $357 in costs, a $500 "sex offender fine," and a $200 "sex assault fine." A credit of $5-per-day spent in custody was granted toward qualifying fines. The charges imposed on the defendant align with the statutes in effect prior to the implementation of the Act. See 730 ILCS 5/5-9-1.15(a) (West 2018) ("There shall be *** imposed in sentencing for a sex offense as defined in Section 2 of the Sex Offender Registration Act an additional fine in the amount of $500 *** upon a plea of guilty ***".); *id.* § 5-9-1.7(b)(1) ("In addition to any other penalty imposed, a fine of $200 shall be imposed upon any person who pleads guilty *** for, a sexual assault or attempt of a sexual assault.").

¶ 13    If the defendant had been sentenced under the Act, he would have been ordered to pay a minimum fine of $75 (705 ILCS 135/5-5 (West 2020)), a schedule four assessment of $1314 (*id.* § 15-20), and potentially a conditional assessment of $200 (*id.* § 15-70(13)). Additionally, at the time of the defendant's sentencing, the amount of monetary credit for pretrial detention toward fines had increased to $30 a day. See 725 ILCS 5/110-14(a) (West 2020). Accordingly, we find that the waiver application was substantively a petition to revoke fines under section 5-9-2 of the Unified Code. See 730 ILCS 5/5-9-2 (West 2022).

¶ 14    Having so found, the State argues that the court lacked personal jurisdiction to grant the defendant's motion on July 21, 2022, where the defendant failed to properly serve it with his motion. The State argues that a general appearance does constitute a waiver to objections for lack of proper service. See *People v. Maiden*, 2013 IL App (2d) 120016, ¶ 26. Objections to personal

jurisdiction are controlled by section 2-301 of the Code which specifies that a party may object to the court's jurisdiction due to insufficiency of service of process by the filing of a motion to dismiss the proceeding. 735 ILCS 5/2-301(a) (West 2022). The record reflects that the State appeared on July 21, 2022. No objection was made to the entrance of the court's order nor was any objection made based on insufficiency of service whether orally or in writing. Further, the record reflects no request for an extension of time to file such motions. In the 53 days between orders, the only objection made by the State was to the timeliness of the defendant's motion. Therefore, the court had the personal jurisdiction necessary to enter its July 21, 2022, order.

¶ 15       Where the defendant was sentenced under the statute in effect at the time of his offense, the defendant's motion was substantially a petition to revoke fines under section 5-9-2 of the Unified Code (730 ILCS 5/5-9-2 (West 2022)). Petitions brought under this section are free-standing collateral actions which are not subject to a time limit or statute of limitations. *Id.*; *People v. Mingo*, 403 Ill. App. 3d 968, 971 (2010). Thus, the court had jurisdiction to enter its July 21, 2022, order waiving the defendant's fines. It did not, however, have jurisdiction to vacate that order 53 days later, on September 12, 2022. See *People v. Bailey*, 2014 IL 115459, ¶ 8 ("a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment"). Accordingly, we vacate the court's September 12, 2022, judgment vacating its prior order and denying the defendant's motion for untimeliness.

¶ 16                                III. CONCLUSION

¶ 17       The judgment of the circuit court of Grundy County is vacated.

¶ 18       Vacated.

5