2020 IL App (1st) 170712-U

SIXTH DIVISION
November 6, 2020

No. 1-17-0712

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court of |
| | ) Cook County |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 16 DV 74762 |
| | ) |
| VANESSA JEFFERSON, | ) |
| | ) Honorable Diana L. Kenworthy |
| Defendant-Appellant. | ) Judge Presiding |

JUSTICE GRIFFIN delivered the judgment of the court.
Presiding Justice Mikva and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not commit reversible error when it allowed the State to admit a stabbing victim's statement as an excited utterance.

¶ 2    Following a bench trial, defendant was found guilty of battery for stabbing her boyfriend. She received a sentence of two years' probation and community service. At trial, the State sought to introduce a statement that the victim made to the police when they arrived on the scene in which the victim stated that he and defendant got into a verbal altercation and that defendant then attacked him with a knife. The trial court allowed the police officer to testify about the victim's

statement. Defendant argues on appeal that the trial court erred in admitting the statement and that the court's evidentiary ruling entitles her to a new trial. We disagree and, accordingly, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On July 5, 2016, police were called to 2112 West Pensacola Avenue in Chicago. Upon arriving at the address, the officers exited their vehicle and quickly encountered defendant, Vanessa Jefferson. Defendant was screaming and she yelled, "It was me. Here I am. I did it." The officers detained defendant. Defendant told the officers that she and Brian Peterson had been drinking and that they had a fight. One of the officers asked defendant if she was hurt, and she replied that she was not. Defendant explained to the officers that she had been abused by Peterson in the past and that she was acting in self-defense on this occasion. She showed the officers some injuries she had sustained, such as bruises.

¶ 5      As defendant was explaining what happened to the officers, Brian Peterson came out of the house. He was breathing heavily and was covered in blood. Peterson told the officers that he and defendant got into a verbal altercation and that defendant then attacked him with a knife. Peterson showed the officers the stab wound and other injuries he sustained. The officers placed defendant under arrest, and they called an ambulance for Peterson. The officers viewed the injuries that defendant claimed to have sustained at the hands of Peterson, and they concluded that all of the injuries she was displaying were not consistent with her claim of self-defense because the injuries were not recent and bruises had already developed. They also took into account defendant's responses to their questions in which she told them she was not hurt.

¶ 6      On the day that the trial was set to commence, Brian Peterson did not appear in court. The State elected to go forward without Peterson's testimony. When the police officer was

testifying and was asked what Peterson told the officers, defendant objected on hearsay grounds. The State argued that Peterson's statement to the police was admissible as an excited utterance. The State proceeded to ask the officer questions about the interaction with Peterson to lay a foundation for the admission of the statement as an excited utterance. Defendant did not object to the statement being admitted as an excited utterance nor did she object to any of the foundational questions that the State asked in demonstration of the statement's characterization as an excited utterance.

¶ 7     Defendant testified on her own behalf. She testified that she and Peterson began arguing about personal things. At some point during the argument, Peterson began to choke her and punch her. Defendant was able to grab a knife and, as Peterson was punching her in the head, she stabbed him to get him off of her. Defendant testified that she told the officers that Peterson had abused her that day and that she acted in self-defense. The defense introduced photographs taken two days after the incident in which defendant displayed bruises on her arm and injuries to her eyes and neck.

¶ 8     The trial court found defendant guilty of battery—rejecting her theory of self-defense. The trial court explained that it did not find defendant credible. The trial court credited the officers' testimony in which they recounted that defendant told them that she was not hurt. The trial court also noted that defendant's credibility had been called into question because she testified that she had not spent time with Peterson since she was arrested, but then later admitted that she had, in fact, spent time with Peterson since her arrest. Defendant was sentenced to two years' probation and community service. She now appeals her conviction.

¶ 9                                    II. ANALYSIS

¶ 10    Defendant argues that the trial court erred when it admitted, through the police officers,

Brian Peterson's statement that defendant stabbed him after a verbal altercation. Defendant

argues that the statement was not an excited utterance and that the trial court erred by admitting

the statement under that hearsay exception. As defendant acknowledges, at trial, she never

argued that the statement failed to meet the criteria for admission as an excited utterance. She has

forfeited this issue on appeal. See *People v. Woods*, 214 Ill. 2d 455, 470 (2005) ("a defendant

must both specifically object at trial and raise the specific issue again in a posttrial motion to

preserve any alleged error for review.").

¶ 11    Acknowledging that she did not challenge the admissibility of the statement on the

grounds that it did not qualify for admission as an excited utterance, defendant urges us to reach

the issue under plain error review. Under plain error review, we will grant relief to a defendant

on otherwise forfeited issues in either of two circumstances: (1) if the evidence is so closely

balanced that the error alone threatened to tip the scales of justice against the defendant or (2) if

the error is so serious that it affected the fairness of the defendant's trial and challenged the

integrity of the judicial process, regardless of the closeness of the evidence. *People v. Herron*,

215 Ill. 2d 167, 178-79 (2005). The plain error doctrine is a narrow and limited exception to the

general waiver rule and its purpose is to protect the rights of the defendant and the integrity and

reputation of the judicial process. *Id*. at 177.

¶ 12    To be granted relief under the plain error doctrine, defendant must first establish that

there was error. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). Here, defendant argues that the

State did not establish that the victim, Brian Peterson, lacked time to reflect or fabricate a

statement. Defendant further argues that the State did not establish that Peterson was under the

4

effect of the startling event when he made the statement that was introduced as an excited utterance.

¶ 13    A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is not prohibited by the rule against hearsay. Ill. R. Evid. 803 (West 2018) (eff. Sept. 28, 2018). The excited utterance exception to the hearsay rule allows the substantive admission of an otherwise inadmissible hearsay statement where the proponent of that statement is able to demonstrate: (1) the occurrence of an event or condition sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to fabricate; and (3) a statement relating to the circumstances of the occurrence. *People v. Smith*, 152 Ill. 2d 229, 258 (1992). In determining whether a hearsay statement is admissible under this exception, courts use a totality-of-the-circumstances analysis. *People v. Robinson*, 379 Ill. App. 3d 679, 681 (2008) (quoting *People v. Gwinn*, 366 Ill. App. 3d 501, 517 (2006)). Whether a statement qualifies as an excited utterance is within the trial court's discretion. *Id.*; *People v. McCoy*, 2016 IL App (1st) 130988, ¶ 93.

¶ 14    Here, the State used Peterson's statement as evidence that defendant did not act in self-defense because Peterson uttered that the parties had a verbal altercation and then defendant attacked him with a knife. The testimony at trial established that the police officers arrived on the scene and detained defendant shortly thereafter. While they were questioning defendant, Peterson came out of the residence. He was covered in blood and he was breathing heavily. He quickly proclaimed to the officers that defendant escalated a verbal confrontation by attacking him with a knife. Defendant volunteered the statement upon seeing the presence of the police. Defendant sustained significant injuries from the attack that he showed to the officers, and the officers promptly called an ambulance.

¶ 15    The evidence demonstrated that Peterson was still under the predominant effect of the excitement of the stabbing, which is the most critical inquiry when determining whether a statement is an excited utterance. *People v. Connolly*, 406 Ill. App. 3d 1022, 1025 (2011). The evidence as to Peterson's physical and mental state at the time of the statement supports the trial court's decision. *People v. Gwinn*, 366 Ill. App. 3d 501, 518 (2006); see also *People v. Sutton*, 233 Ill. 2d 89, 108 (2009). In consideration of the totality of the circumstances, the trial court did not abuse its discretion when it allowed testimony about the statement as an excited utterance. A reasonable trier of fact could find from the record evidence that the statement met all the criteria for admission under the excited utterance exception to the hearsay rule.

¶ 16    In addition, this case was tried in a bench trial. In a bench trial, the trial judge is presumed to have considered only admissible evidence and, thus, may be presumed to have considered time, content, and circumstances under which victim's statement was made in determining the reliability of the statement. *People v. Burnett*, 239 Ill. App. 3d 582, 586 (1993). Defendant notes, in part correctly, that "this case came down to whether the trier of fact believed [defendant's] testimony that she acted in self-defense or Peterson's statement that [defendant] escalated a verbal argument." That contention from defendant is only partially correct because the trial court had other reasons for rejecting defendant's claim of self-defense. First, after the police officers detained defendant, she told the officers that she was not hurt. Defendant showed the officers some injuries on her body and, based on the officers' examination of the injuries, they concluded that defendant was not injured at that time—consistent with what she had told them. Second, the only evidence supporting defendant's claim of self-defense was her own testimony. The trial court did not find her testimony credible. One of the reasons the trial court found defendant not to be believable is that she admittedly lied under oath in this very trial. The

trial court did not commit reversible error when it allowed the State to admit Peterson's statement at trial.

¶ 17    Defendant also argues that she is entitled to relief on appeal on the grounds that her trial counsel's failure to properly object to the statement's admission as an excited utterance constituted ineffective assistance of counsel. However, as we have explained, defendant would not have been entitled to a new trial on this evidentiary issue even had her trial counsel properly objected.

¶ 18    The other issue defendant raises on appeal is that she was deprived of a fair trial because the admission of Peterson's statement violated her right to confrontation under the Sixth Amendment. As defendant admits, she did not object at trial to the admissibility of the statement as a violation of the confrontation clause and she forfeited this argument for purposes of appeal. *Woods*, 214 Ill. 2d. at 470 ("a defendant must both specifically object at trial and raise the specific issue again in a posttrial motion to preserve any alleged error for review."). We will review the contention for plain error.

¶ 19    The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." U.S. Const., amend. VI. The Sixth Amendment's primary objective is to bar "testimonial hearsay." *Crawford v. Washington*, 541 U.S. 36, 53 (2004). The threshold question in assessing a confrontation clause claim is whether the out-of-court statement at issue is "testimonial." *In re Rolandis G.*, 232 Ill. 2d 13, 27 (2008). When a statement is made to enable police assistance in meeting an ongoing emergency, the statement is nontestimonial. *People v. Dobbey*, 2011 IL App (1st) 091518, ¶ 53.

¶ 20    Defendant contends that Peterson's statement to the responding officers was "testimonial hearsay" and that its admission violated her Sixth Amendment rights. However, Peterson's

statement to police was not the product of police interrogation, it was a statement made on Peterson's volition to the police as the police were assessing the scene of a stabbing. The objective of the police at the time the statement was made was not to gather evidence for a criminal prosecution, but to determine what was happening at a crime scene where a person had just been stabbed. The scene described by the officers was somewhat chaotic with defendant yelling and screaming in the street and defendant quickly emerging breathing heavily and covered in blood while in need of medical assistance. The lack of police influence in obtaining the statement (*Rolandis G.*, 232 Ill 2d. at 31) and the ongoing nature of the situation and chaotic scene (*Connolly*, 406 Ill. App. 3d at 1027) render the statement nontestimonial and, thus, not a violation of defendant's rights under the Sixth Amendment.

¶ 21    Defendant also argues that she is entitled to relief on appeal on the grounds that her trial counsel's failure to properly object to the statement's admission as a violation of the confrontation clause constituted ineffective assistance of counsel. However, as we have explained, defendant would not have been entitled to a new trial on this evidentiary issue even had her trial counsel properly objected.

¶ 22                                  III. CONCLUSION

¶ 23    Accordingly, we affirm.

¶ 24    Affirmed.