NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241095-U

NO. 4-24-1095

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 9, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* H.P., a Minor, | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Tazewell County |
| Petitioner-Appellee, | ) | No. 21JA283 |
| v. | ) | |
| John P., | ) | Honorable |
| Respondent-Appellant). | ) | Timothy J. Cusack, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Doherty and Grischow concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court reversed the judgment of the trial court terminating respondent's parental rights, concluding the court erred in failing to find a factual basis existed for its unfitness determination.

¶ 2   In March 2024, the State filed a petition to terminate the parental rights of respondent, John P., as to his minor child, H.P. (born in 2017). In August 2024, the trial court accepted respondent's stipulation the State could present sufficient evidence of his unfitness and found termination of his parental rights would be in H.P.'s best interest. The court then entered an order terminating respondent's parental rights. The court also terminated the parental rights of H.P.'s mother, Chastity P., who is not a party to this appeal. The termination of respondent's parental rights as to another child, S.P., is not at issue in this appeal. Respondent timely appeals, arguing the court erred by failing to establish respondent's admission of unfitness had a proper factual basis and was knowing and voluntary. We reverse and remand.

¶ 3                    I. BACKGROUND

¶ 4                    A. Procedural History

¶ 5        In October 2021, the State filed a petition seeking to adjudicate H.P. neglected under the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 *et seq.* (West 2020)). The State alleged H.P. was neglected pursuant to section 2-3 of the Juvenile Court Act (*id.* §§ 2-3 because H.P.'s half-sibling, S.P., had been subject to physical abuse and threats of physical abuse by respondent and H.P. had been present for an incident of domestic violence. During that incident, S.P.'s mother attacked respondent and Chastity P., respondent reacted by drawing a handgun and, in essence, told her "if she did not leave, it would be the last breath she took."

¶ 6        Respondent initially answered the petition, denying the allegations. However, prior to the March 2022 adjudication and dispositional hearing, he withdrew his answer and consented to being found in default. The trial court, "based upon the pleadings that are on file and the waivers of the factual basis, *** [found] that the State is able and has met its burden of proof to demonstrate by a preponderance of the evidence the material allegations in the amended petition." It further found those allegations set out "neglect and/or abuse."

¶ 7        The State filed a three-count petition to terminate the parental rights of respondent and Chastity P. on March 6, 2024. Count three of the petition alleged respondent's depravity:

> "[Respondent] is depraved pursuant to 750 ILCS 50/1[(D)](i) in that [he] has been convicted of at least 3 felonies under the law of the state or any other state and at least one of the convictions took place within 5 years of filing of the petition to terminate parental rights. The felony convictions are as follows:
>
> > 1. 10-CF-1016, Meth Manufacturing <15 grams (Class 1), Peoria County.

2. 23-CF-206, [Unlawful Use of a Weapon (UUW)] Felon (Class 2), Tazewell County.

3. 23-CF-206, UUW Felon (Class 2), Tazewell County.

4. 23-CF-206, UUW Felon (Class 2), Tazewell County."

¶ 8    On April 19, 2024, respondent filed an answer which stated, "Respondent neither admits nor denies the allegations of Count(s) III and Stipulates that the Petition can be proven by a preponderance of, or by clear and convincing evidence as presented by the State and does not demand strict proof." Chastity P. also stipulated the State could produce sufficient evidence of her unfitness.

¶ 9    A hearing on the termination petition took place on August 2, 2024. The trial court stated, "Matter comes on for prove-up [and] best interest," and confirmed all parties were ready to proceed. The State requested the court "take judicial notice of the parents' stipulations that were entered as to the counts against them. Count 1, mother progress. Count 3, father depravity." The State then asked the court to "find those counts proven by clear and convincing evidence based on the stipulations." After confirming there were no objections, the court found, "[B]ased upon the answers received from the parents and the proffer made by the State, stipulation also, that State has met their burden of proof and will adjudicate."

¶ 10    The trial court then proceeded to the best interest hearing. H.P.'s foster parents told the court H.P. had been with them for nearly three years and they were willing to adopt her. Further, they were prepared to address her special needs. The guardian *ad litem* also advised the court H.P. had flourished in the care of the foster parents. The court found termination of the parental rights of respondent and Chastity P. was in H.P.'s best interest and entered an order terminating respondent's parental rights.

¶ 11    This appeal followed.

¶ 12                    II. ANALYSIS

¶ 13    On appeal, respondent raises at least one argument: the trial court violated his due process rights by failing to state a factual basis for the unfitness finding. However, we note respondent's brief suggests he intended to also raise another issue: his stipulation contained insufficient evidence upon which to base an unfitness finding. The State addresses the sufficiency of the evidence provided by a stipulation but fails to address the need for the court to set out a factual basis for an agreed upon unfitness finding.

¶ 14    We hold, to the extent respondent intended to argue the evidence was insufficient, he forfeited that claim by failing to support it with argument and citation to relevant authority. However, we agree with respondent's argument it was error for the trial court to fail to set out a factual basis for the unfitness finding. As the State has not suggested this error was not reversible error, we find any such argument forfeited. We therefore vacate the court's termination of respondent's parental rights and remand the cause solely for the court to address the factual basis for respondent's admission of unfitness.

¶ 15            A. Respondent's Brief Addresses the Need for the Trial

                    Court to Find a Factual Basis Exists

¶ 16    Before we can address any substantive matter, we must determine what arguments are raised in respondent's brief. This is necessary because we disagree with the State about the substance of respondent's argument.

¶ 17    Several elements of respondent's brief are misleading or unhelpful as indicators of the nature of his argument. Most notably, his "statement of the issue or issues presented for review" (Ill. S. Ct. R. 341(h)(3) eff. Oct. 1, 2020)) lists only one issue, "Whether the trial court committed

- 4 -

reversible error by finding a parent unfit on the sole basis of a written stipulation." Further, the table of contents lists only a "First Issue," phrased identically to the statement of the issue. Thus, a casual examination of the brief would suggest the matter at issue is the sufficiency of the evidence.

¶ 18    However, the argument respondent makes in the text of his brief can be summarized as follows:

(1) The only evidence supporting the existence of the convictions on which the State based its allegation of unfitness due to depravity was respondent's stipulation;

(2) Our supreme court, in *In re M.H.*, 196 Ill. 2d 356 (2001), held (according to respondent's summary), "[D]ue process requires a court to ensure the existence of a factual basis prior to accepting a parent's unfitness admission";

(3) This court's holding in *In re C.J.*, 2011 IL App (4th) 110476, allows a trial court to find a factual basis for an unfitness determination without the State explicitly setting out the factual basis provided the trial court (according to respondent's summary), "determines whether the factual basis exists prior to accepting the admission";

(4) In a cited portion of the record, the trial court failed to make a finding a factual basis existed;

(5) Due to the trial court's failure to make a finding of a factual basis, the unfitness finding violated respondent's due-process rights.

Reviewing this argument, we conclude respondent does not offer any bases or authority tending to support an argument his stipulation was not sufficient evidence of his depravity. Therefore,

respondent has forfeited any argument the stipulation provided insufficient evidence to find him unfit due to depravity as he has failed make any argument or cite any authority a stipulation is insufficient evidence. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Moreover, forfeiture aside, the stipulation was sufficient. A stipulation is conclusive evidence as to the facts stipulated. *Wisam 1, Inc. v. Illinois Liquor Control Commission*, 2014 IL 116173, ¶ 42. However, respondent also raises —with citation to the record and to relevant authority—the issue of whether the trial court erred by failing to find the existence of a factual basis.

¶ 19        Under Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which sets out the required content of appellants' briefs, only the failure to make a properly detailed argument is explicitly stated to result in the forfeiture of an issue. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires the brief to include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on" and provides, "Points not argued are forfeited and shall not be raised in [later filings]." Rule 341(h) does not state that a failure to comply with requirements for briefs, such as the requirement for a "statement of the issue or issues presented for review" will result in a required forfeiture of an issue. (Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020)). Therefore, respondent's argument concerning the factual basis complies with Rule 341(h)(7) and is not forfeited. Nevertheless, counsel for respondent is advised statements of issues presented for review are to disclose issues raised with less ambiguity.

¶ 20                    B. The Requirement for a Factual Basis

¶ 21        In *M.H.*, our supreme court held requiring the State to set out a factual basis for a respondent's admission of unfitness "ensures that the State has a basis for its allegation of unfitness" and "makes certain a that a parent's admission of unfitness is knowing and voluntary."

*M.H.*, 196 Ill. 2d at 365-66. "[D]ue process requires a [trial] court to determine whether a factual basis exists for an admission of parental unfitness before it accepts the admission." *Id.* at 368.

> "The factual basis allows the parent to hear the State describe the alleged facts relating to fitness and gives the parent an opportunity to challenge or correct any facts that are disputed. Without a factual basis, 'there is a danger that a parent may understand the State's alleged grounds of unfitness but may not realize that his or her conduct does not fall within those allegations.' [Citation.] Thus, if a parent is not fully informed of the factual basis underlying the State's allegations, the risk is increased that her parental rights will be erroneously terminated because of an ill-advised admission of unfitness." *Id.* at 366-67 (quoting *In re M.H.*, 313 Ill. App. 3d 205, 215 (2000)).

Thus, *M.H.* requires a statement of the factual basis be made in a respondent's presence as a prerequisite for a finding of unfitness based on a respondent's admission. (Respondent has not made a claim of error regarding his absence from the termination hearing.)

¶ 22 Respondent is correct in implying *C.J.* read *M.H.* narrowly. *C.J.* held the rule in *M.H.* does not *necessarily* require *the State* to set out a factual basis for the offense prior to the trial court's acceptance of an admission of unfitness. *C.J.*, 2011 IL App (4th) 110476, ¶ 30. Instead, on the facts at issue, due process was satisfied because, before accepting the admission, the court made a finding a factual basis existed based on record facts. *Id.* at ¶ 32. We restated our adherence to this holding in *In re Dal. D.*, 2017 IL App (4th) 160893, ¶ 37, in which we noted the court "may *sua sponte* look anywhere in its prior proceedings to determine if a factual basis can be shown."

¶ 23 C. The Effect of Stipulations

¶ 24 Parties can make stipulation concerning facts or issues and stipulations are

- 7 -

generally conclusive as to the matters they cover:

> "A stipulation is an agreement between parties or their attorneys with respect to an issue before the court ***. *** A stipulation is conclusive as to all matters necessarily included in it, [citation] and [n]o proof of stipulated facts is necessary, since the stipulation is substituted for proof and dispenses with the need for evidence [citation]. Generally speaking, a [party] is precluded from attacking or otherwise contradicting any facts to which he or she stipulated." (Internal quotation marks omitted.) *People v. Woods*, 214 Ill. 2d 455, 468-69 (2005).

¶ 25                                    E. This Case

¶ 26        Here, the trial court explicitly stated its finding of unfitness was based on judicial notice of respondent's stipulation alone. It did not make an explicit finding a factual basis existed. Further, respondent's stipulation was simply an admission the State could prove unfitness, not a statement of facts providing a factual basis or a waiver of the need for a factual basis. Further, nothing in the record allows us to conclude the court implicitly found the existence of a factual basis. The record lacks a factual basis finding, and "[D]ue process requires a [trial] court to determine whether a factual basis exists for an admission of parental unfitness before it accepts the admission." *M.H.*, 196 Ill. 2d at 368. Accordingly, respondent's due process rights were thus violated, and we must remand the cause for a hearing on unfitness consistent with the principles set out in *M.H.* and its progeny.

¶ 27                                    III. CONCLUSION

¶ 28        For the reasons stated, we reverse the order terminating respondent's parental rights for lack of a factual basis determination, and we remand the cause for a new fitness hearing consistent with this order.

- 8 -

¶ 29 Reversed and remanded.